UNITED STATES of America, Appellee,

v.

Kulvinder JASWAL, Defendant,

Yousef Rouhani and Mohammad Shahnavazy, Defendants–Appellants.

Nos. 1010, 1011, Dockets 93–1305, 93–1306.

United States Court of Appeals, Second Circuit.

Argued Feb. 25, 1994.

Decided Feb. 9, 1995.

Paul D. Silver, Asst. U.S. Atty., Albany, NY (Gary L. Sharpe, U.S. Atty. N.D.N.Y.), for appellee.

Marjorie M. Smith, New York City (The Legal Aid Soc., Federal Defender Services Unit), for defendant-appellant Yousef Rouhani.

William P. Fanciullo, Albany, NY, for defendant-appellant Mohammad Shahnavazy.

Before: VAN GRAAFEILAND and LEVAL, Circuit Judges, and BEER, District Judge.*

PER CURIAM.

This is an appeal by two co-defendants from final judgments of conviction. Defendant Yousef Rouhani was found guilty of importation of heroin and opium from Pakistan into the United States in violation of 21 U.S.C. § 952 and § 960 and possession with intent to distribute heroin and opium in violation of 21 U.S.C. § 841. Defendant Mohammad Shahnavazy was found guilty of possession with intent to distribute heroin and opium in violation of § 841.

Rouhani and Shahnavazy raise the following issues on appeal: (1) whether the post-arrest statements made by defendants were illegally obtained by law enforcement officers; (2) whether Count IV of the Indictment is fatally defective in failing to include the year of the commission of the offense; (3) whether the district court abused its discretion in allowing the government to cross-examine defendant Shahnavazy with statements Shahnavazy made during the suppression hearing; (4) whether the district court erred under the standards of Rule 404(b) of the Federal Rules of Evidence in allowing the government to elicit testimony that defendant Shahnavazy was involved in another drug transaction during the course of the conspiracy charged in the indictment; (5) whether the prosecutor engaged in misconduct in his closing argument; (6) whether the district court erred in its instructions to the jury; and (7) whether the district court erred by enhancing defendant Shahnavazy's sentence offense level for obstruction of justice.

For the reasons set forth below, we affirm.

### 1. Defendants' Post–Arrest Statements

Both defendants appeal from denial of their motions to suppress post-arrest statements. Their motions in the district court were based on multiple grounds, including lack of required warnings, deceit by agents in promising Shahnavazy that his cooperation would help him, unnecessary delay prior to arraignment before a magistrate, and involuntariness. The district court conducted a suppression hearing and, in substantial part, rejected the defendants' assertions of fact and contentions of law. The defendants' statements were admitted.

On appeal, Shahnavazy does not dispute the district court's factual findings. His principal contention is that the government agent's assurances that cooperation would

---

* Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

help him negated the required warning that his statements could be used against him.

■ To prove a valid waiver, the government must show (1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140, 89 L.Ed.2d 410 (1986). Generally, promises of leniency will not render a confession involuntary. *United States v. Baldacchino*, 762 F.2d 170, 178–79 (1st Cir.1985); *Hawkins v. Lynaugh*, 844 F.2d 1132, 1139 (5th Cir.) (dictum), *cert. denied*, 488 U.S. 900, 109 S.Ct. 247, 102 L.Ed.2d 236 (1988); *United States v. Harris*, 914 F.2d 927, 933 (7th Cir.1990). In *United States v. Bye*, 919 F.2d 6 (2d Cir.1990), this court held that promises of leniency do not per se render a confession involuntary and that no single factor determines whether a confession is voluntary. *Id.* at 7. In this case, the district court concluded that there was "no doubt" that defendants were given their *Miranda* warnings, and no circumstances existed which indicated any kind of coercion. Shahnavazy does not contest this finding on appeal. An indication by the arresting officers to the defendant that his cooperation will help him is only one factor to consider in determining whether the defendant's waiver was given voluntarily. There is no inconsistency between the required warning that the defendant's statement may be used against him and a further statement that cooperation can help him. Both are true. The district court found that Shahnavazy received a proper *Miranda* warning; it was not vitiated by any assurance that cooperation would help the defendant. There was therefore no error in the district court's finding that Shahnavazy's statement was voluntary, was preceded by the legally required warnings, and was admissible in evidence.

■ Defendant Rouhani contends that based upon the totality of the circumstances, his waiver of his right to remain silent was not voluntary, because the record contains no proof that he understood the *Miranda* warnings. In assessing the voluntariness of a waiver, the court should consider the totality of the circumstances surrounding the interrogation. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140, 89 L.Ed.2d 410 (1986). Although Rouhani had been suffering from a periodontic condition during the time of the events in question, his ability to give a knowing and voluntary waiver was not compromised. Moreover, the defendants were found to have a reasonably good command of the English language. Thus, the district court properly concluded that Rouhani's waiver was knowingly and voluntarily given.

■ Finally, regarding appellants' contentions that the statements were inadmissible due to unreasonable delay in appearing before a magistrate, this court has held that "a lapse of hours between arrest and arraignment, standing alone, does not require the exclusion of a statement made during the period." *United States v. Rubio*, 709 F.2d 146, 153 (2d Cir.1983). In this instance, justifiable circumstances existed which delayed the defendants' appearance before the magistrate, and no evidence of any kind of coercion exists. Therefore, the district court's ruling with respect to the admissibility of defendants' post-arrest statements is affirmed.

### 2. Sufficiency of the Indictment

■ Shahnavazy's contention that Count IV of the Indictment is fatally defective in failing to include the year of the commission of the offense is without merit. A defendant has a constitutional right "to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Moreover, the Sixth Amendment requires that the indictment state the elements of the offense and be sufficiently detailed to avoid double jeopardy. *See Russell v. United States*, 369 U.S. 749, 763–65, 770, 82 S.Ct. 1038, 1046–47, 1050, 8 L.Ed.2d 240 (1962). The failure to include the year in Count IV of the indictment is not fatally defective because the exact time when the defendants committed the crime in this case is immaterial. *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir.), *cert. denied*, 484 U.S. 957, 108 S.Ct. 355, 98 L.Ed.2d 380 (1987). Failure to include the year will not subject defendant to double jeopardy because the court may "refer to the

entire record of the prior proceeding and [will] not be bound by the indictment alone." *United States v. Smith,* 65 F.R.D. 464, 468 (N.D.Ga.1974). Furthermore, the defendants were free to insure protection of their rights against double jeopardy by demanding a bill of particulars specifying the date of the offense they were charged with. Insertion of the year into the jury instructions by the trial judge did not constructively amend the indictment. *See United States v. Patino,* 962 F.2d 263, 265 (2d Cir.1992).

### 3. Use of Prior Cross–Examination at Trial

Shahnavazy contends that the district court abused its discretion by allowing the government, over objection and claim of the Fifth Amendment privilege, to cross-examine him on the facts of the offense at the suppression hearing, and then permitting the government to confront him with that testimony in cross-examining him at trial.

He relies on Rule 104(d) of the Federal Rules of Evidence, which provides that "[t]he accused does not, by testifying upon a preliminary matter, become subject to cross-examination as to other issues in the case," and Rule 608(b), which provides that "[t]he accused's ... privilege against self-incrimination when examined with respect to matters which relate only to credibility." In addition, he cites *Simmons v. United States,* 390 U.S. 377, 393–94, 88 S.Ct. 967, 975–76, 19 L.Ed.2d 1247 (1968), for the impropriety of establishing guilt at trial by use of testimony given by the defendant in an effort to suppress illegally obtained evidence.

We find that the trial court committed no error. In the first place, as to the scope of the cross-examination at the suppression hearing, Shahnavazy's direct examination went far beyond a claim that he had not been properly advised of his rights and that his giving of the statement was not voluntary. He also claimed that he had asserted his innocence, that he did not read or understand the document he signed because he was sick and exhausted, and that he signed it only because "they hold me with the gun. . . . Plus, I trusted them." Essentially the defendant accused the agents, by his direct testi-

mony at the hearing, of fabricating his confession, despite his assertion of innocence, and procuring his signature by false promises of help and by overcoming his will.

 Although the defendant is correct that the voluntariness of a statement cannot be established by bringing out its accuracy, *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), that was not the purpose of this cross-examination. As the defendant denied having said (or read) what was in the statement he signed, it was proper for the government to cross-examine him as to its accuracy to rebut his contention that its contents came from the agent, rather than from himself. In addition, the cross-examination was proper impeachment of the defendant's assertions on his direct testimony. *See United States v. Beverly,* 5 F.3d 633 (2d Cir.1993); *United States v. Williams,* 754 F.2d 672 (6th Cir.1985). Defendant's claim of the privilege, furthermore, was properly rejected because the cross-examination was within the scope of the direct. Accordingly, the defendant had waived his privilege for such questions. *Id.* 5 F.3d at 639–40. Defendant's contention that the rule of *Simmons,* 390 U.S. at 394, 88 S.Ct. at 976, was violated by the use of his suppression hearing testimony at trial is incorrect. The testimony was not offered by the government on its direct case to establish his guilt. It was used only in the cross-examination of the defendant to impeach his trial testimony.

Prior inconsistent suppression hearing testimony may properly be used to impeach a defendant during trial. *See United States v. Beltran–Gutierrez,* 19 F.3d 1287, 1291 (9th Cir.1994) (use of suppression hearing testimony for purpose of impeaching defendant's credibility at trial is permissible and does not violate *Simmons* rule); *United States v. Quesada–Rosadal,* 685 F.2d 1281, 1283 (11th Cir.1982) ("use of prior inconsistent statements given at suppression hearing can be used to impeach a defendant's trial testimony, whether given during direct or cross-examination"). Indeed, the government points out that even illegally obtained and suppressed evidence may properly be used on cross-examination to impeach subsequent inconsistent testimony. *United States v. Ha-*

*vens,* 446 U.S. 620, 629, 100 S.Ct. 1912, 1917, 64 L.Ed.2d 559 (1980). All the more so, when the evidence was properly elicited at a suppression hearing to impeach the direct testimony there given by the defendant. Having been appropriately cross-examined during the suppression hearing, Shahnavazy's prior inconsistent suppression hearing testimony was properly used to impeach him when he took the stand during the trial.

### 4. Other Crimes Evidence

■ Defendant Shahnavazy contends that the district court erred in allowing the government to elicit Rule 404(b) testimony and failed to conduct the requisite Rule 403 balancing inquiry before admitting the evidence. At trial, Phulvinder Jaswal was allowed to testify on redirect examination by the government, over defendant's objection, that Shahnavazy said that he needed to send $20,000.00 to Amsterdam for heroin he had received on credit. Prior to the hearing of the testimony, extensive discussion took place with the court about its admissibility.

Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of a person, but may be admissible to prove intent or knowledge. Fed.R.Evid. 404(b). This circuit has held that such evidence is admissible for any purpose other than to show a defendant's criminal propensity. *United States v. Harris,* 733 F.2d 994, 1006 (2d Cir.1984). Because of defendant Shahnavazy's purported lack of knowledge of the drugs in his possession, the district court concluded that the testimony would be highly probative. The 403 analysis was argued, for the most part, in terms of the potential Rule 404(b) evidence. The district court clearly conducted the Rule 403 balancing test and properly concluded that its probative value outweighed its prejudicial effect.

Defendant Shahnavazy's contention that he did not receive adequate notice of the anticipated 404(b) material is without merit.

### 5. Prosecutorial Misconduct

■ Defendant Shahnavazy contends that the prosecutor engaged in prosecutorial misconduct during closing arguments. This contention is also without merit. Shahnavazy disputes the prosecutor's characterization of the defendant's case as a "fairy tale." However, "[a] prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation." *United States v. Rivera,* 971 F.2d 876, 884 (2d Cir.1992). In addition, Shahnavazy disputes the prosecutor's use of the words "I think ..." on several occasions during closing arguments.

Although attorneys are generally barred from expressing personal beliefs or opinions to the jury, *United States v. Young,* 470 U.S. 1, 8–9, 105 S.Ct. 1038, 1042–43, 84 L.Ed.2d 1 (1985), the use of this form of expression is permissible if it clearly communicates nothing more than a comment on the evidence. *See United States v. Canniff,* 521 F.2d 565, 571 (2d Cir.1975), *cert. denied,* 423 U.S. 1059, 96 S.Ct. 796, 46 L.Ed.2d 650 (1976). It was clear in the context, when the AUSA told the jury, "I think you can conclude...." (See JA 456), that he was properly arguing the evidence and was not referring to his personal beliefs or to any additional information he might have had.

### 6. Jury Instructions

Defendants Rouhani and Shahnavazy raise a number of objections to the trial court's instructions to the jury. None of these claims, treated individually or collectively, warrants reversal of their convictions.

(a) The duress charge.

■ Shahnavazy contends that the district court erred by declining to give a duress charge. However, the duress charge will not be submitted to the jury unless the defendant has presented some evidence on each of the elements of the defense. *United States v. Villegas,* 899 F.2d 1324, 1344 (2d Cir.), *cert. denied,* 498 U.S. 991, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990). Shahnavazy failed to present any proof that "there was no reasonable opportunity to escape from the force or threat other than by engaging in the otherwise unlawful activity." *Id.* Accordingly, the district court did not abuse its discretion in declining to charge the jury on the defense of duress.

(b) The conscious avoidance charge.

The conscious avoidance charge is warranted where "the evidence is such that a rational juror could be 'persuaded beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'" *United States v. Boothe,* 994 F.2d 63, 69 (2d Cir.1993), *citing United States v. Rodriguez,* 983 F.2d 455, 458 (2d Cir.1993). Here, Shahnavazy testified that he carried a suitcase from New York City to Plattsburgh without realizing that it contained heroin. Rouhani testified that he was threatened to bring a suitcase from Pakistan to New York and that he suspected the suitcase might contain drugs. Clearly, conscious avoidance was an appropriate charge to the jury.

(c) Mens rea charges.

Defendant Shahnavazy alleges that the trial court erred in not instructing the jury on deceit, trickery and intimidation as precluding the requisite knowledge. A review of the jury charge given by the trial court indicates that the court properly instructed the jury on all of the essential elements of the case, including the issue of knowledge.

(d) Modified *Allen* charge.

Defendant Shahnavazy's contention that the modified *Allen* charge had the effect of coercing a verdict because it was "too strong" is likewise without merit. The charge was reviewed by all counsel prior to its delivery and was agreed to by all parties. Shahnavazy has failed to show that he was in any way prejudiced by the consensual delivery of the modified *Allen* charge.

(e) Unbalanced charges.

Defendants Shahnavazy and Rouhani contend that the instructions given by the trial court were "unbalanced." A review of the trial court's instructions as a whole belies appellants' claims that the instructions were in any way unbalanced. Moreover, the trial court instructed the jury not to single out one instruction alone, but rather to pay attention to the instructions as a whole. Thus, this contention is without merit.

*7. Sentencing Enhancement*

Shahnavazy contends that the court erred in assessing a two level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, and further, that the court failed to make the findings required pursuant to *United States v. Dunnigan,* —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) in doing so. The district court at sentencing set forth its basis and reasons for applying the obstruction enhancement. A review of the record reveals no basis for disturbing the district court's conclusion that Shahnavazy was not being truthful.

*Conclusion*

For the foregoing reasons, the judgment of the district court is affirmed.