**UNITED STATES of America, Plaintiff,**

v.

**Luis Alfredo MONTOYA–ESCHEVARRIA, Defendant.**

**No. 95 Crim. 335(LAK).**

United States District Court, S.D. New York.

July 18, 1995.

summary judgment are not sufficient to raise a genuine issue of material fact.").

Margery B. Feinzig, Asst. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for plaintiff.

Michael Young, New York City, for defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Defendant has been indicted on one count of conspiracy to distribute and to possess with the intent to distribute heroin in violation of 21 U.S.C. § 846. The Court previously ruled in open court on most of defendant's pretrial motions but reserved decision on his motion to suppress the fruits of a Title III electronic surveillance order. This memorandum disposes of that motion.

Briefly stated, the problem arises in consequence of the surveillance of a telephone line subscribed in the name of Maria Norena and allegedly associated with òne Leon Quiroz, who was believed to be in the narcotics business. (*See* Bean Aff., Gov't Ex. 1) Defendant argues that any conversation involving himself that was overheard in the Quiroz surveillance should be suppressed because there was no probable cause for the Quiroz surveillance order.

*Standing*

 At the outset, the Government challenges the defendant's standing to seek suppression. In order to have standing to make a suppression motion, a defendant must prove that he or she had a legitimate expectation of privacy in the item seized. *See United States v. Zapata–Tamallo*, 833 F.2d 25, 27 (2d Cir.1987). Under Section 2518(10)(a) of Title III, only an "aggrieved person" may seek suppression of wire communications intercepted by the Government. 18 U.S.C. § 2518(10)(a). Section 2510(11) defines "aggrieved person" as "a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). The Second Circuit has made clear that this standard is coextensive with the standing requirements applied to suppression claims made under the Fourth Amendment. *United States v. Ruggiero*, 928 F.2d 1289, 1303 (2d Cir.), *cert. denied*, 502 U.S. 938, 112 S.Ct. 372, 116 L.Ed.2d 324 (1991); *United States v. Gallo*, 863 F.2d 185, 192 (2d Cir.1988), *cert. denied*, 489 U.S. 1083, 109 S.Ct. 1539, 103 L.Ed.2d 843 (1989); *United States v. Fury*, 554 F.2d 522, 526 (2d Cir.), *cert. denied*, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977), *and cert. denied*, 436 U.S. 931, 98 S.Ct. 2831, 56 L.Ed.2d 776 (1978).

 The burden of establishing standing is on the party moving to suppress evidence. *United States v. Osorio*, 949 F.2d 38, 40 (2d Cir.1991). Therefore, the defendant in this case must prove that he had a legitimate expectation of privacy that was violated by the Government's surveillance of the intercepted telephone line. This expectation of privacy must be established by proof that the defendant's voice was intercepted by the Government. *United States v. Burford*, 755 F.Supp. 607, 609 (S.D.N.Y.1991), *aff'd without opinion*, 986 F.2d 501 (2d Cir.1992). As the defendant has not submitted an affidavit asserting that he was a party to any intercepted communication, the Government argues, he may not be heard to challenge the interception.[1] The defendant rejoins, in an unsworn statement in his memorandum of law, that the Government has told his counsel that it has the defendant on tape as a result of the surveillance. (*See* Def.Reply Br. at 3) The Government responds that its belief that it has the defendant on tape does not establish standing absent a sworn statement by the defendant. It contends that the defendant should not be deemed to have standing while retaining the option, if the motion to suppress is denied, of later denying that his voice is on the tapes.

 The law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge. The defendant's unsworn assertion of the Government's representations does not meet this burden.[2] *United States v. Gerena*, 662 F.Supp. 1218, 1250–51 (D.Conn.1987); *see United States v. Sierra–Garcia*, 760 F.Supp. 252, 264 (E.D.N.Y.1991). The defendant therefore has failed to satisfy the standing requirement.

*Probable Cause*

 Even if the defendant did have standing in these circumstances to seek suppression, the Court would deny the motion. The principal thrust of the defendant's argument is that there was insufficient evidence to connect Quiroz with the telephone in question and, in consequence, that there was no probable cause to believe that interceptions on that telephone would lead to evidence. The short answer is that the affidavit in support of the order authorizing the electron-

---

1. There is no contention that the defendant was a target of the surveillance.

2. Defendant's reluctance to testify to the presence of his voice on the surveillance tapes is understandable. Although any sworn statement made by the defendant in support of his motion to suppress may not be used against him at trial on the issue of guilt, *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968), prior inconsistent suppression hearing testimony may be used to impeach the defendant during trial. *United States v. Jaswal*, 47 F.3d 539, 543 (2d Cir.1995). On the other hand, the defendant's position, in the Court's view, establishes the reasonableness of the Government's position.

ic surveillance contained evidence that Quiroz had telephoned the confidential informant twice from the target telephone on December 27, 1994, that he had had a narcotics related telephone conversation with the confidential informant at that time (*see* Bean Aff. ¶ 19–20), and that the pattern of use of the phone was characteristic of a telephone used in the narcotics business. (*See* Bean Aff. ¶ 22–23) These facts were sufficient to establish probable cause.

The motion to suppress is denied.

SO ORDERED.