UNITED STATES of America, Appellee,

v.

Dante LIZALDE, Defendant–Appellant.

No. 00–1389.

United States Court of Appeals, Second Circuit.

June 3, 2002.

Martin G. Goldberg, Franklin Square, NY, for Appellant.

David B. Pitofsky, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present NEWMAN and KEARSE, Circuit Judges, CARMAN, Chief Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Dante Lizalde appeals from a judgment entered in the United States District Court for the Eastern District of New York following a jury trial before Allyne R. Ross, *Judge,* convicting him of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and sentencing him principally to three concurrent terms of 292 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Lizalde contends principally (1) that the district court erred in a pretrial ruling precluding his presentation of a duress defense to the jury, and (2) that he is entitled to relief pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because he was sentenced to more than 240 months' imprisonment on the basis of a quantity of cocaine that was not charged in the indictment and proven beyond a reasonable doubt. Finding no basis for reversal, we affirm.

■ In order to establish a claim of duress, a defendant must show that "(a) at the time of his conduct he was subjected to actual or threatened force, (b) the force or threat was of such a nature as to induce a well-founded fear of impending death or serious bodily harm, and (c) there was no reasonable opportunity to escape from the force or threat other than by engaging in the otherwise unlawful activity." *United States v. Villegas,* 899 F.2d 1324, 1344 (2d Cir.), *cert. denied,* 498 U.S. 991, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990); *see also United States v. Podlog,* 35 F.3d 699, 704 (2d Cir.1994), *cert. denied,* 513 U.S. 1135, 115 S.Ct. 954, 130 L.Ed.2d 897 (1995); *United States v. Bakhtiari,* 913 F.2d 1053, 1057 (2d Cir.1990), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1319, 113 L.Ed.2d 252 (1991). "[W]here there is a reasonable opportunity to escape the threatened harm, the defendant must take reasonable steps to avail himself of that opportunity, whether by flight or by seeking the intervention of the appropriate authorities." *United States v. Alicea,* 837 F.2d 103, 106 (2d Cir.), *cert. denied,* 488 U.S. 832, 109 S.Ct. 88, 102 L.Ed.2d 64 (1988); *see also United States v. Bakhtiari,* 913 F.2d at 1058.

■ When a defendant has indicated that he will seek to present a duress defense to the jury and the government seeks to preclude such evidence as legally insufficient, "it is appropriate for [the] court to hold a pretrial evidentiary hearing to determine whether [the] defense fails as

---

* Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

a matter of law." *United States v. Paul,* 110 F.3d 869, 871 (2d Cir.1997). The burden at such a hearing is on the defendant to present some evidence on each of the elements of the defense. *See, e.g., United States v. Jaswal,* 47 F.3d 539, 544 (2d Cir.1995) (per curiam). If the court finds that the defendant's evidence is insufficient as a matter of law to establish an element of the duress defense, the court may preclude the defendant from presenting evidence of that defense to the jury. *See, e.g., United States v. Bailey,* 444 U.S. 394, 416, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); *United States v. Villegas,* 899 F.2d at 1343. We reject Lizalde's contention that such a preclusion order is foreclosed by the Supreme Court's recent rulings in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), and *Apprendi.* Those cases dealt with proof of elements of the offense charged and with the punishment to which a defendant may be subjected for the offense, not with the elements of an affirmative defense.

■ The district court in the present case properly applied the above principles in precluding Lizalde from presenting his defense of duress, finding that he presented no legally sufficient evidence to show that he lacked a reasonable opportunity to escape the threatened danger other than by engaging in the otherwise unlawful activity. That finding was supported by, *inter alia,* Lizalde's admission that he never went to the authorities to seek help, and evidence that even though he was interviewed by law enforcement officials several times during the period of the alleged duress, Lizalde told them nothing of the alleged threats. We thus affirm the preclusion order substantially for the reasons stated in Judge Ross's Opinion and Order dated November 18, 1998.

■ We also reject Lizalde's challenge to his sentence. Lizalde did not object in

the district court to the failure of the indictment to charge a specific quantity of cocaine or to the failure of the trial court to submit the question of quantity to the jury. Thus, those failures are subject to plain-error review. *See* Fed.R.Crim.P. 52(b). To obtain relief under that standard, a defendant must show (1) error, (2) that is plain, and (3) that affects his substantial rights. *See, e.g., United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) (en banc). "An error affects substantial rights if it is prejudicial and it affected the outcome of the district court proceedings." *United States v. McLean,* 287 F.3d 127, 135 (2d Cir.2002) (internal quotation marks omitted). Where a defendant has been convicted of more than one offense and the total prison term mandated by the Sentencing Guidelines ("Guidelines") exceeds the statutory maximum term for the most serious count of conviction, § 5G1.2(d) of the Guidelines requires the district court to "impose consecutive terms of imprisonment to the extent necessary to achieve the total punishment." *Id.* at 136 (quoting *United States v. Angle,* 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied,* — U.S. ——, 122 S.Ct. 309, 151 L.Ed.2d 230 (2001)). Where the sentence that has been imposed by the district court in error is identical to the sentence that is required by a proper application of § 5G1.2(d), the error does not affect the defendant's substantial rights. *See United States v. McLean,* 287 F.3d at 137.

In the present case, although Lizalde was charged with and convicted of three offenses carrying a statutory maximum of life imprisonment, *see* 21 U.S.C. §§ 841(b)(1)(A)(ii)(II), 846, 952(a), 960(b)(1)(B)(ii), and 963, the indictment did not specify any quantity of narcotics, and in such circumstances, under *Apprendi*

and *Thomas,* the maximum punishment on each of the three counts was limited to 240 months, *see* 21 U.S.C. §§ 841(b)(1)(C), 846, 952(a), 960(b)(3), and 963. The total Guidelines-recommended range of imprisonment for his three offenses was 292 to 365 months, and the district court imposed concurrent prison terms of 292 months on each of the three counts. Although the 292-month sentence on each count thus exceeded the 240-month statutory maximum allowable for that count, and hence constituted error, Lizalde was not thereby prejudiced, for § 5G1.2 of the Guidelines required that his prison terms be imposed consecutively insofar as was necessary for imposition of the total Guidelines sentence. If the district court had applied this section properly, it would have imposed prison terms of 240 months on all three counts, running two of the sentences concurrently, and running 52 months of the third sentence consecutively to the 240 months imposed on the other two counts, *see, e.g., United States v. McLean,* 287 F.3d at 136; *United States v. McLeod,* 251 F.3d 78, 83–84 (2d Cir.), *cert. denied,* —— U.S. —— – ——, 122 S.Ct. 304–05, 151 L.Ed.2d 226 (2001), and the aggregate sentence correctly imposed would have been identical to the one that was in fact imposed. In these circumstances, we cannot conclude that the error in this case affected Lizalde's substantial rights.

We have considered all of Lizalde's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.