**UNITED STATES of America,**
**Appellee,**

v.

**Angel OCASIO, et al., Defendants,**

**Oscar Dominguez, Defendant–**
**Appellant.**

**No. 02–1668.**

United States Court of Appeals,
Second Circuit.

Nov. 4, 2003.

B. Alan Seidler, Nyack, New York, for Appellant.

W.S. Wilson Leung, Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney; Gary Stein, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: KEARSE, MCLAUGHLIN, and RAGGI, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered November 18, 2002, is AFFIRMED.

■ Defendant–Appellant Oscar Dominguez pleaded guilty in 1996 to racketeering. Despite his serious underlying predicates—murder and drug conspiracy—Dominguez was sentenced in 1999 to time served and three years' supervised release. He now appeals from a 2002 judgment sentencing him to thirty-six months' imprisonment for violating the terms of his supervised release. Dominguez asserts that the latter judgment is unlawful because he was charged with a supervision violation on July 2, 2002, two months after his three-year term expired on May 3, 2002. Dominguez submits that the district court's April 3, 2002 order extending supervision for one year was invalid because it was entered without affording him the hearing and assistance of counsel required by Fed.R.Crim.P. 32.1. In response, the government produces a copy of Dominguez's March 19, 2002 waiver of his right to a hearing and counsel and consent to a one-year extension of supervision. Dominguez argues that the waiver was neither knowing nor voluntary because it is written in English, a language in which he is not fluent.

Preliminarily, we observe that because Dominguez had the opportunity to raise this challenge in the district court, yet failed to do so, we review only for plain error. See United States v. Gordon, 291 F.3d 181, 191 (2d Cir.2002). To demonstrate plain error, Dominguez must show (1) an error, (2) that is plain, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732–34, 113 S.Ct.

1770, 123 L.Ed.2d 508 (1993); *United States v. Schultz*, 333 F.3d 393, 413 (2d Cir.2003). Even if Dominguez satisfies these requirements, we will exercise our discretion to notice the waived error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Keigue*, 318 F.3d 437, 445 (2d Cir.2003) (citations and internal quotation marks omitted).

A defendant may waive the rights guaranteed by Fed.R.Crim.P. 32.1 without a formal on-the-record proceeding before the district court, *see United States v. Pelensky*, 129 F.3d 63, 66–69 (2d Cir.1997); *see also United States v. Correa–Torres*, 326 F.3d 18, 22–23 (1st Cir.2003); *United States v. Stocks*, 104 F.3d 308, 310–13 (9th Cir.1997); *United States v. Chambliss*, 766 F.2d 1520, 1521–22 (11th Cir.1985), provided that he does so knowingly and voluntarily, *see United States v. Pelensky*, 129 F.3d at 68 n. 9.

In asserting that his waiver was not knowing and voluntary, Dominguez argues only that the form is in English, a language in which he is not fluent. Not insignificantly, Dominguez points to no evidence about the circumstances under which his waiver was executed that would allow us to evaluate his claim. Without deciding whether a defaulted factual issue such as the extent of a defendant's familiarity with English can ever rise to the level of plain error, *see United States v. Castorena–Jaime*, 285 F.3d 916, 926–27 (10th Cir.2002) (suggesting that it would not), we note that a lack of fluency in English does not automatically preclude a defendant from executing a knowing and voluntary waiver of rights in that language, *see Campaneria v. Reid*, 891 F.2d 1014, 1020 (2d Cir.1989); *see also United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir.1995). Thus, Dominguez fails to establish plain error.

■ Even if Dominguez could clear that hurdle, he cannot show that the district court's acceptance of his waiver compromised the fairness and integrity of judicial proceedings. To the contrary, the court's action was the last of many humane efforts to help Dominguez cope with his drug problem outside of jail. A few weeks prior to executing the waiver, Dominguez had admitted to his probation officer that he was again abusing drugs to cope with the stresses of his life. Eager to avoid the filing of violation charges that would likely result in his incarceration, Dominguez executed the challenged waiver and consent form to support his plea for a counseling alternative to revocation. As the probation officer explained:

> The releasee has requested that he be allowed to receive mental health services to receive in depth counseling. . . . He recognizes that both the Court and the probation office ha[ve] afforded him every opportunity for rehabilitation, and implores the Court to allow him to undergo mental health treatment to assist him in his rehabilitation and the stabilization of his family and self. Dominguez has agreed and signed the attached waiver agreeing to an extension of his term of supervised release for an additional year.

Request for Modifying the Conditions or Terms of Supervision with Consent of the Offender, Mar. 25, 2002, at 3. But for Dominguez's waiver and consent to undergo counseling and supervision for another year, he would likely have faced revocation of supervision and incarceration before May 3, 2002.

Accordingly, the district court's judgment is hereby AFFIRMED.