**UNITED STATES of America,**
**Appellee,**

v.

**Elizabeth Mateo DEPENA,**
**Defendant–Appellant.**

**No. 05–5092–cr.**

United States Court of Appeals,
Second Circuit.

June 6, 2006.

Toni M. Mele, Assistant United States Attorney, (Emily Berger, Assistant United States Attorney, of counsel), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, N.Y., for Appellee.

Darrell B. Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. AMALYA L. KEARSE, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Elizabeth Mateo Depena ("Depena") was convicted, following a jury trial, of importing cocaine into the United States, in violation of 21 U.S.C. § 952(a), and of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Depena was sentenced to a mandatory minimum sentence of five years' imprisonment, and also given five years of supervised release. Depena appeals from the judgment of conviction, claiming that the district court drew an adverse inference from her failure to testify at a suppression hearing, and, in that way, impermissibly burdened her Fifth Amendment privilege against self-incrimination. She claims also that the district court shifted to her the government's burden of proof with respect to her motion to suppress.

We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

Even if the admission of evidence at trial involves a constitutional error, reversal is not required if the error was harmless. *See United States v. Ciak*, 102 F.3d 38, 42 (2d Cir.1996). Here, Depena moved to suppress certain statements on the ground that they were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because she did not understand the first *Miranda* warnings she had been given. In denying the motion, the court expressly found the testimony of the government's witnesses credible; given that finding and the absence of any rebuttal testimony of any sort, we cannot see that the district court could reasonably have granted the motion to suppress. And the district court clearly knew that the burden of proving the voluntariness of the *Miranda* waiver rested with the government, *see United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir.1995), as Judge Trager's pre-trial comments reveal.

Under the circumstances, even assuming that the district court did, subsequently, draw an adverse inference from Depena's silence at the suppression hearing, and assuming further that it was constitutional error to do so, we find no grounds for overturning her conviction, because any such error was harmless beyond a reasonable doubt.

We have considered all of the arguments made by Depena and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.