**UNITED STATES of America,**
**Appellee,**

v.

**Michael WILLIAMS, Defendant–**
**Appellant.**

**No. 06–3509–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 15, 2007.

Jeffrey H. Knox, Assistant United States Attorney (David C. James, Assistant United States Attorney, Of Counsel), for Benton Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Robert DiDio, Kew Gardens, NY, for Appellant.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges and Hon. JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

Michael Williams appeals from a judgment of conviction entered after a guilty plea to substantive and conspiratorial importation of cocaine and cocaine base in violation of 21 U.S.C. §§ 952(a), 963, and substantive possession of these drugs with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Specifically, he faults the district court's denial of motions to suppress incriminating evidence seized from his home and incriminating statements made at the time of his arrest. Although the government notes the parties' failure strictly to comply with Fed.R.Crim.P. 11(a)(2) in reserving these issues for appeal, it concedes our jurisdiction to affirm the district court's suppression rulings on their merits. *See United States v. Garcia,* 339 F.3d 116, 117–18 (2d Cir.2003). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Seizure of Incriminating Evidence*

■ Williams submits that the district court erred in declining to suppress evidence of drug dealing seized without a search warrant from two boxes found inside his home. We examine the legal issues relevant to this claim *de novo,* but we review the district court's factual findings only for clear error. *See, e.g., United States v. Casado,* 303 F.3d 440, 443 (2d Cir.2002). We grant particular deference to the district court's findings as to credibility, *see, e.g., United States v. Mendez,* 315 F.3d 132, 135 (2d Cir.2002), mindful that "the task of choosing among competing, permissible inferences is for the factfinder, not for the reviewing court," *United States v. McDermott,* 245 F.3d 133, 137 (2d Cir.2001). Applying these principles to this case, we identify no error in the district court's challenged ruling.

To the extent Williams asserts that federal agents should never have entered his residence because they could easily have executed the warrant for his arrest on the street, the law is well established that "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *United States v. Lovelock,* 170 F.3d 339, 343 (2d Cir.1999) (quoting *Payton v. New York,* 445 U.S. 573, 603, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). The record evidence established the necessary reasonable belief of Williams's presence in his residence, and further identified valid security reasons for effecting the arrest inside the premises.

■ To the extent Williams complains that the challenged searches were unsupported by his voluntary consent, the critical factual question is whether the agents "had a reasonable basis for believing that there had been consent to the search," *United States v. Isiofia,* 370 F.3d 226, 231 (2d Cir.2004) (internal quotation marks omitted), a matter "to be determined from the totality of all the circumstances," *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). While a finding of consent requires proof of more than "mere acquiescence in a show of authority," *United States v. Wilson,* 11 F.3d 346, 351 (2d Cir.1993), consent "need not be expressed in a particular form"; instead, it "can be found from an individual's words, acts or conduct," *United States v. Deutsch,* 987 F.2d 878, 883 (2d Cir.1993) (citation omitted).

Viewing the record in light of the district court's specific finding that the agent's testimony was credible, we identify no error in the court's conclusion that the incriminating contents of the transparent box by defendant's bed were sufficiently in plain view to support its seizure even with-

out Williams's consent. *See, e.g., United States v. Knoll,* 16 F.3d 1313, 1320–21 (2d Cir.1994) (noting that "the Fourth Amendment provides protection to the owner of every container that conceals its contents from plain view," and that relevant query is whether contents of container are apparent without opening) (citing *United States v. Ross,* 456 U.S. 798, 822–23, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)). Agent Flood testified at the hearing that, at the time of Williams's arrest, his partner observed glassine envelopes consistent with street level narcotics distribution in a transparent box, whereupon he reached down to retrieve the box for further inspection. This plain view siting of incriminating evidence rendered the seizure of the box and its contents reasonable under the Fourth Amendment, *see United States v. Scopo,* 19 F.3d 777, 782 (2d Cir.1994).

Similarly, the record supports the district court's conclusion that Williams's voluntary actions in pointing agents to a second box in the course of his proffered cooperation supported the agents' reasonable belief that Williams was consenting to the search of that box. *See generally United States v. Kon Yu–Leung,* 51 F.3d 1116, 1119 (2d Cir.1995). *United States v. Gandia,* 424 F.3d 255 (2d Cir.2005), and *United States v. Isiofia,* 370 F.3d 226 (2d Cir.2004), cited by Williams, warrant no different conclusion, because the facts of those cases are not analogous to those here at issue.

2. *Williams's Incriminating Statements*

■ Williams submits that his post-arrest incriminating statements should have been suppressed because he was not advised of and did not formally waive his *Miranda* rights. Because we identify no clear error in the district court's finding that Williams was read these rights contemporaneously with his arrest and waived

them by his active cooperation with the authorities, we reject this argument as without merit. *See, e.g., United States v. Miller,* 116 F.3d 641, 680 (2d Cir.1997); *United States v. Jaswal,* 47 F.3d 539, 542 (2d Cir.1995); *United States v. Scarpa,* 897 F.2d 63, 68 (2d Cir.1990).

Accordingly, the judgment of conviction is AFFIRMED.