**UNITED STATES of America,**
**Appellee,**

v.

**Gilbert CARABALLO, Jeffrey Taylor, Quincy Martinez, Angel Navarro, Anthony Perez, Edwin Aguilar, Armando Molina, Eric Rosario, Defendants,**

**Martin Aguilar, Defendant–Appellant.**

**No. 07–0724–cr.**

United States Court of Appeals, Second Circuit.

July 1, 2008.

See also, 2007 WL 3253570.

Louis M. Freeman, Esq., New York, NY, for Defendant–Appellant.

David M. Bitkower, Assistant United States Attorney (Susan Corkery, Todd Harrison, Assistant United States Attorneys, of counsel, Benton J. Campbell, United States Attorney, on the brief), Eastern District of New York, Brooklyn, NY, for Appellee.

**912**

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges and Hon. WILLIAM K. SESSIONS, III, District Judge.*

## SUMMARY ORDER

Defendant–Appellant Martin Aguilar appeals from a judgment of conviction and sentence of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Chief Judge*), entered on February 26, 2007. Aguilar was convicted, after a jury trial, of two counts of murder for hire; one count of drug related murder; one count of using and carrying a firearm in relation to a crime of violence; one count of possession of a firearm by a convicted felon; one count of narcotics conspiracy; and one count of using and carrying a firearm in relation to a drug trafficking crime. He was sentenced principally to concurrent terms of life imprisonment without parole. We assume the parties' familiarity with the balance of the factual background, procedural history, and issues on appeal.

On appeal, Aguilar argues that law enforcement authorities coerced his confession because (1) Detective Gaynor and Agent Heslin delayed Aguilar's arraignment so that they could interview him without a lawyer present; (2) Agent Heslin conditioned the authorities' willingness to discuss cooperation upon Aguilar's willingness to waive his right to counsel; (3) Aguilar incriminated himself before Agent Heslin administered *Miranda* warnings; (4) Gaynor and Heslin threatened to arrest Aguilar's wife if Aguilar did not confess; and (5) Aguilar was under the influence of "ecstasy" when he confessed. Aguilar argues that we should reverse the District

Court's decision not to suppress this statement.

"The standard of review observed by this court in evaluating the district court's ruling in a suppression motion is 'clearly erroneous' as to that court's factual findings viewing the evidence in the light most favorable to the government . . . ." *United States v. Yousef,* 327 F.3d 56, 124 (2d Cir.2003) (internal quotations omitted). *See also United States v. Uribe–Velasco,* 930 F.2d 1029, 1032 (2d Cir.1991) ("In reviewing a ruling on a motion to suppress, we will uphold the district court's findings of historical fact, e.g., what information the officers had, what acts were performed, and what statements were made, unless they are clearly erroneous."). In evaluating whether a district court's findings are clearly erroneous, the reviewing court must feel a "definite and firm conviction that a mistake has been committed. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Iodice,* 525 F.3d 179, 185 (2d Cir.2008) (internal quotation marks omitted).

■ First, Aguilar argues that before he signed the *Miranda* waiver form, Gaynor purposefully took him back to the 72nd Precinct rather than to federal court for arraignment in order to obtain a confession from him before he retained counsel. Aguilar also argues that his right to counsel had attached under the Sixth Amendment regardless of whether he specifically asked for an attorney.[1]

There is no evidence in the record indicating that Gaynor and Heslin delayed Aguilar's arraignment in order to obtain a

---

\* The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. Implicit in the District Court's decision to "credit the testimony" of Agent Heslin is its rejection of Aguilar's claim that he specifically invoked his right to counsel.

statement from him without counsel present. Additionally, Aguilar voluntarily waived his right to counsel when he signed the *Miranda* waiver form. Accordingly, the District Court's findings on this issue were not clearly erroneous, and Aguilar's argument fails.[2]

■ Next, Aguilar contends that Heslin conditioned his cooperation with federal authorities on his willingness to waive his right to counsel. The District Court credited Heslin's testimony that Aguilar asked several questions about the nature of federal cooperation, but that Heslin never required Aguilar to waive his right to an attorney in order to cooperate with federal law enforcement. Accordingly, the District Court's finding on this issue will be upheld because it was not clearly erroneous.[3]

■ Next, Aguilar argues that law enforcement officials used a deliberate, two-step strategy to obtain a post-*Miranda* confession from him. Aguilar contends that ceding to Gaynor's and Heslin's requests to make a statement itself equated to his admitting to the accusations brought against him. Additionally, Aguilar maintains that Gaynor's question to him on the way to the 72nd Precinct, as to whether he recognized the cemetery where he hid Fernandez's body, was an attempt to elicit a statement from him prior to his being given *Miranda* warnings. Aguilar argues that these facts, combined with the fact that Gaynor showed Aguilar pictures at the 72nd Precinct of Fernandez's body, demonstrate that the authorities were deliberately employing a two-step interrogation strategy. *See Missouri v. Seibert,* 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). Aguilar's case is distinguishable from *Seibert* in which the Supreme Court held a *Miranda* warning ineffective when authorities employed such a strategy. There, authorities interrogated the defendant for 30 or 40 minutes, after which law enforcement authorities gave the defendant her *Miranda* warnings. After the *Miranda* warnings were given, the authorities conducted a second interrogation which referenced the previous interrogation in order to elicit post-*Miranda* statements. In *United States v. Carter,* 489 F.3d 528 (2d Cir.2007), referencing *Seibert,* we held that authorities did not employ an impermissible two-step interrogation strategy when an officer asked the defendant just one question regarding the contents of a bag of narcotics before *Miranda* warnings were given, and where "there was almost no overlap between [that] statement and the full confession he gave after he received the warnings." *Id.* at 536.

Aguilar's case is similar to *Carter,* because the statement on which Aguilar relies to show that the authorities used a two-step scheme is an isolated statement which did not constitute a confession, and which did not overlap at all with the full confession Aguilar gave after signing the *Miranda* waiver form. *See id.* Therefore, the District Court's finding that the authorities did not employ a two-step process or coerce Aguilar into confessing is not clearly erroneous.

Next, Aguilar argues that the authorities threatened to arrest his wife if he did not make a statement. However, the District Court credited Heslin's testimony that he told Aguilar that "necessary steps would be taken to protect her." Because

---

**2.** The government contends that Aguilar waived this claim by not bringing it at trial. However we need not address this issue because, in any event, we find no error.

**3.** The government contends that Aguilar waived this claim by not bringing it at trial. However, for the same reasons as discussed above, we need not address this issue.

914

this factual determination was not clearly erroneous, Aguilar's argument fails.

■ Next, Aguilar argues that the District Court erroneously admitted his confession because it was made under the influence of ecstasy. We have held that where a District Court made a detailed finding of fact regarding a statement from an allegedly intoxicated party, and found that the witness "seemed to understand what was going on, as he was able to answer the officers' questions coherently," the court's finding that the party's statements were voluntary was not clearly erroneous. *Parsad v. Greiner*, 337 F.3d 175, 184 (2d Cir.2003) (internal quotations omitted). Aguilar, a daily user of ecstasy, testified that his high when he took one pill lasted for one and a half to two hours. Aguilar testified that he took a pill approximately an hour to an hour and a half prior to his arrest, which was two and a half to three hours prior to his interrogation at the 72nd Precinct. Gaynor and Heslin both testified that Aguilar did not appear intoxicated and was speaking coherently during his interrogation. Accordingly, the District Court's finding that Aguilar's statement was voluntary was not clearly erroneous.

■ Aguilar argues that the totality of the circumstances demonstrates that his statement was coerced and should not have been admitted. We have held that "[w]hether a confession is a product of coercion may only be determined after a careful evaluation of the totality of all the surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir.1991). Additionally, we have held that "[t]o prove a valid waiver [of *Miranda* rights], the government must show (1) that the relinquishment of the defendant's rights was

voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right." *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir.1995).

Evaluating the facts as found by the District Court under the totality of the circumstances, we uphold the District Court's determination that Aguilar voluntarily waived his *Miranda* rights and made a statement with the full awareness of the right being waived and of the consequences of waiving that right.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

