13-4561-cr
*United States v. Shehadeh*

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand fourteen.

PRESENT:     PIERRE N. LEVAL,
             DENNY CHIN,
             SUSAN L. CARNEY,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,

             v.                                        13-4561-cr

ABDEL HAMEED SHEHADEH, AKA ABU
BAHEERA, AKA ABUL-QASIM IBN ABU
MUHAMMAD, AKA ABUL-QASIM, AKA
SUNNAH101,
                   *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                        JAMES P. LOONAM (David C. James,
                                     Alexander A. Solomon, *on the brief*), Assistant
                                     United States Attorney, *for* Loretta E. Lynch,
                                     United States Attorney for the Eastern District
                                     of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:              FREDERICK H. COHN, The Law Office of
                                     Frederick H. Cohn, Jersey City, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Abdel Hameed Shehadeh appeals from a judgment entered November 25, 2013 in the United States District Court for the Eastern District of New York (Vitaliano, *J.*) convicting him, following a jury trial, of three counts of making materially false statements to federal agents in violation of 18 U.S.C. § 1001(a)(2). On appeal, Shehadeh challenges the district court's denial of his motion to suppress his post-arrest statements. He also argues that his conviction on Count One should be vacated because the district court erred in instructing the jury that the government did not need to prove that he knew he was lying to an F.B.I. agent. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

1.      **Post-Arrest Statements**

Custodial statements are admissible at trial only if the government establishes by a preponderance of the evidence that the defendant knowingly, intelligently, and voluntarily waived his rights against self-incrimination. *Colorado v. Connelly*, 479 U.S. 157, 168-69 (1986); *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995). "Whether a confession is a product of coercion may only be determined after a careful evaluation of the totality of all the surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991). Here, in a 16-page opinion filed August 31, 2012, following an evidentiary hearing, the district court denied Shehadeh's motion to suppress statements he made in custody after twice being read his *Miranda* rights.

We review a district court's factual findings for clear error and conclusions of law *de novo*. *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004). Additionally, "[c]redibility determinations are the province of the trial judge, and should not be overruled on appeal unless clearly erroneous." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 435 (2d Cir. 2001).

On October 22, 2010, Shehadeh was arrested in Honolulu, Hawaii for making materially false statements to federal agents in violation of 18 U.S.C.

§ 1001(a)(2). He was interviewed for four hours, during the course of which he made a number of incriminating statements.

The district court's factual findings were not clearly erroneous, and its conclusion that Shehadeh's waiver of his Fifth Amendment rights was "uncoerced, knowing and voluntary" was well supported by the record. G. App. at 174. Shehadeh was a 21-year-old man of "at least average intellectual ability," who was comfortable in his interactions with the agents and prosecutors. G. App. at 168. He was not handcuffed during the interrogation, and the atmosphere in the room was "relaxed," "cordial," and "professional." G. App. at 169. Although the district court observed that some of the conduct of the agents and prosecutor was perhaps ill-advised, it nonetheless held that Shehadeh was not misled or coerced. To the contrary, he understood that he had the right to remain silent and the right to a lawyer.

Shehadeh argues specifically that Agent Tinning deceived him into thinking that if he invoked his right to counsel, he would lose any opportunity to later cooperate with the government. The district court rejected this argument, as a factual matter, and found that Agent Tinning's suggestions were truthful and not misleading. The district court found that Tinning's statement "that the current, casual nature of Shehadeh's interactions with law enforcement would change in tenor" once lawyers were involved "was actually truthful and was not misleading." G. App. at 172. Accordingly, we affirm the district court's denial of Shehadeh's motion to suppress.

-4-

**2.** **Count One**

Shehadeh also argues that his conviction on Count One should be vacated because, under the court's charge to the jury, the government was not required to prove that he knew or should have known that his lies were addressed to an F.B.I. agent. In accordance with our ruling in *United States v. Bakhtiari*, 913 F.2d 1053 (2d Cir. 1990), that, with respect to proof of a violation of 18 U.S.C. § 1001, "no mental state is required with respect to federal involvement," *id.* at 1060, the district court's instructions to the jury did not require a finding that the defendant knew he was lying to an F.B.I. agent.

Shehadeh acknowledges that this panel is bound by the holding of *Bakhtiari*. He explains that he included this argument in his briefing to solely preserve it as the basis of a petition for en banc review by the full court, or review by the Supreme Court. The argument he seeks to preserve is that, under the *Bakhtiari* rule and the district court's instructions to the jury, he could have been inappropriately convicted for lying in circumstances that gave him no reason to believe that his lies were addressed to a federal agent or that they constituted a violation of law.

As the defendant properly anticipates, we must adhere to our Circuit's prior holding in *Bakhtiari*, and on that basis we reject the defendant's contention that his conviction on Count One should be vacated. We note, however, that the record in this case does not support the defendant's argument that he could have been convicted without knowing that his lies were addressed to a federal agent and without reason to

believe that lying in these circumstances might be illegal. While it is true that Shehadeh would not have known that Special Agent Panetta, who questioned him together with Officer Patrick Gormley of United States Customs and Border Protection, was an agent *of the F.B.I.*, Panetta was presented to the defendant as a Customs official. There was no doubt the defendant understood him to be a federal official. For the purposes of liability under § 1001, it makes no difference whether Panetta was an official of the F.B.I. or of Customs. Further, the court instructed the jury that, in order to convict Shehadeh, it needed to find that he acted "willfully." The court defined the term "willfully" as acting "with the bad purpose to disobey the law." G. App. at 80-81. Accordingly, under the court's instructions, the jury could not find the defendant guilty unless it found that the defendant understood his lies to be forbidden by law.

We have considered Shehadeh's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-6-