SUMMARY ORDER
Defendant Jose Mena appeals from a judgment of conviction entered on January 30, 2008, following his plea of guilty to unlawfully dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A), and conspiring to engage in the business of unlawfully dealing in firearms, in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A) (together, the “Firearms Counts”), and his separate plea of guilty to failing to appear for his Court-ordered sentencing, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(ii) (the “Bail Jumping Count”). Mena was sentenced principally to concurrent terms of twenty-four months’ imprisonment on the *658 Firearms Counts, and nine months’ imprisonment on the Bail Jumping Count, to be served consecutively to the twenty-four month terms. We assume the parties’ familiarity with the facts and procedural history of the case.
We review defendant’s sentence for reasonableness, “a deferential standard limited to identifying abuse of discretion.” United States v. Jones, 531 F.3d 163, 170 (2d Cir.2008). This “review proceeds in two steps: first, we must ensure that the district court committed no significant procedural error, and second, if we find the sentence to be procedurally sound, we must take into account the totality of the circumstances and consider the substantive reasonableness of the sentence.” Id. (internal quotation marks omitted).
Mena challenges the district court’s guidelines calculation in two ways. First, he argues that the district court erred by imposing an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). Specifically, Mena contends (a) that the enhancement is unconstitutionally vague, (b) that the evidence did not support the application of the enhancement, and (c) that the court applied the enhancement without holding a hearing pursuant to United States v. Fatico, 579 F.2d 707 (2d Cir.1978), or otherwise engaging in meaningful fact-finding. These arguments are without merit. The enhancement of § 2K2.1(b)(5) applies if the defendant “knew or had reason to believe that [his] conduct [of transporting, transferring, or otherwise disposing of two or more firearms to another individual] would result in the transport, transfer, or disposal of a firearm to an individual ... [w]ho intended to use or dispose of the firearm unlawfully.” U.S.S.G. § 2K2.1, application note 13, subsection (A)(ii). Assuming that the Sentencing Guidelines are subject to an attack on unconstitutional vagueness grounds, something we have never decided, see United States v. Savin, 349 F.3d 27, 38 (2d Cir.2003), the enhancement at issue here is not unconstitutionally vague. As applied in this case, the language of § 2K2.1(b)(5) and its application note provides a person of ordinary intelligence a reasonable opportunity to know what is prohibited. See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); United States v. Jae Gab Kim, 449 F.3d 933, 943 (9th Cir.2006) (observing that “reasonable cause to believe” is a scienter requirement that mitigates the risk that a law is vague). In this case, we find no clear error in the court’s finding that “the circumstances [of the offense conduct] indicate by a preponderance of the evidence that [Mena] knew or had reason to believe that his delivery of the firearms was to someone or people who intended to use or dispose of the firearms unlawfully,” where Mena twice delivered guns in a plastic bag in exchange for cash on a street in Manhattan. See United States v. Mitchell, 328 F.3d 77, 83 (2d Cir.2003); United States v. Martin, 78 F.3d 808, 812-13 (2d Cir.1996). That the court acknowledged uncertainty regarding whether Mena actually had such knowledge or reason to believe does not preclude the conclusion that a preponderance of the evidence supported the fact. As the district court aptly observed, the preponderance of the evidence standard does not require “proof that is free from uncertainty.” Finally, because Mena was afforded an opportunity to rebut the government’s allegations, including a specific invitation for Mena to present testimony on the issue, the district court appropriately applied the enhancement without conducting a Fatico hearing. See United States v. Guang, 511 F.3d 110, 122 (2d Cir.2007) (“The district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full- *659 blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government’s allegations.” (internal quotation marks omitted)).
Mena’s second argument is that the district court erred by failing to give him a minor role adjustment, where he merely delivered the guns and collected payments as instructed by his brother-in-law, but showed no initiative. But while Mena’s role as a courier may have been minor relative to the role of his co-conspirators, it nonetheless may have been “importan[t] ... to the success of the venture” and may not be minor “as compared to the average participant in such a crime.” United States v. Carpenter, 252 F.3d 230, 234-35 (2d Cir.2001) (internal quotation marks omitted); see United States v. Garcia, 920 F.2d 153, 154-55 (2d Cir.1990) (per curiam) (observing that couriers “are indispensable to the smuggling and delivery of drugs and their proceeds” and upholding denial of a minor role adjustment to courier). Thus, we find no clear error in the court’s finding that Mena was not entitled to a minor role adjustment.
Finally, we conclude that Mena’s sentence is substantively reasonable.
Accordingly, for the foregoing reasons, the judgment of the district court is hereby AFFIRMED.