10-0064-cr
United States v. Beridze

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

PRESENT: JOSEPH M. McLAUGHLIN,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee,*

            v.                                No. 10-0064-cr

MIKHEIL BERIDZE,
                    *Defendant-Appellant,*

LYUBOV TALALOVSKY, MIKHAIL
TALALOVSKY,
                    *Defendants.*[*]

-----------------------------------------------------------------

APPEARING FOR APPELLANT:        EDWARD V. SAPONE, Law Office of Edward V. Sapone, New York, New York.

_____

[*] The Clerk of Court is respectfully instructed to amend the official caption in this case to conform to the listing of the parties above.

APPEARING FOR APPELLEE:     ALEXANDER A. SOLOMON, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on December 30, 2009, is AFFIRMED.

Defendant Mikheil Beridze was convicted, after a jury trial, of wire fraud conspiracy, see 18 U.S.C. § 1349; conspiratorial and substantive counts of access device fraud, see id. § 1029(a)(2), (b)(2), and use of unauthorized credit cards, see 15 U.S.C. § 1644(a); and aggravated identify theft, see 18 U.S.C. § 1028A(a)(1), (c)(5). The district court sentenced Beridze to concurrent prison terms of 57 months on the fraud counts, a mandatory consecutive prison term of 24 months on the aggravated identity theft count, restitution of $130,349.51, four years' supervised release, and a special assessment of $600. On appeal, Beridze argues that (1) several evidentiary rulings were erroneous; (2) the evidence was insufficient to prove (a) existence of an interstate wire communication or (b) requisite knowledge and intent on all counts; (3) the indictment was constructively amended by proof offered at trial; (4) prosecutorial misconduct denied him a fair trial; and (5) his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Evidentiary Rulings

        a.      Lease Application Documents

Beridze challenges admission of the automobile lease application documents that he and Mikhail Talalovsky submitted to Magic Leasing.  As Beridze did not timely object at trial, we review the challenge for "plain error," United States v. Burden, 600 F.3d 204, 223 (2d Cir. 2010), and identify none.  Gennady Shafir, the proprietor of Magic Leasing, testified that the lease file was (1) prepared at or near the time of the lease agreement; (2) created in connection with a regularly conducted business activity; and (3) maintained during the regular course of business.  Accordingly, the documents were properly admitted as business records.  See Fed. R. Evid. 803(6); United States v. Kaiser, 609 F.3d 556, 574 (2d Cir. 2010); United States v. Feliz, 467 F.3d 227, 234 (2d Cir. 2006).

        b.      Recorded Telephone Calls

Beridze faults the district court for permitting the government to cross-examine him using statements he made in a recorded telephone call while detained at the Metropolitan Detention Center ("MDC").  We review an evidentiary ruling for abuse of discretion, which we will identify only if the ruling was arbitrary and irrational.  See United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010).

Beridze testified on direct examination that Lyubov Talalovsky never told him that she procured the credit cards by fraud or that use of the cards was unauthorized.  On cross-examination, the prosecutor asked Beridze what it meant when, in a recorded telephone call from the MDC, he told a friend that he was arrested because "someone else" committed a

3

crime and Beridze happened to be there "with him." Trial Tr. 717 (emphasis added). As Lyubov Talalovsky is female, but Beridze claimed that he was merely present when a man committed the crime, it was not an abuse of discretion to permit the prosecutor to inquire about this inconsistency on cross-examination. See United States v. Beverly, 5 F.3d 633, 639 (2d Cir. 1993) ("Where a defendant testifies on direct about a specific fact, the prosecution is entitled to prove on cross-examination that he lied as to that fact."); see also United States v. Jaswal, 47 F.3d 539, 543 (2d Cir. 1995).

Beridze contends that "[t]he government mischaracterized the contents of the telephone calls, which created the impression that [Beridze] testified falsely and was conscious, during the calls, of his own guilt." Appellant's Br. 25. Pursuant to stipulation, Beridze read the relevant portions of the recorded telephone calls to the jury. These excerpts are fully consistent with the statements used by the prosecutor on cross-examination and, thus, belie any claim that the government mischaracterized the contents of the recordings. See generally Fed. R. Evid. 106; United States v. Johnson, 507 F.3d. 793, 796 (2d Cir. 2007). Thus, there was no error.

c.      Impeachment of Non-Testifying Witness

Beridze contends that the district court erred in precluding him from using two prior convictions to impeach the credibility of co-conspirator Mikheil Talalovsky, whose out-of-court statements were used against Beridze at trial. See Fed. R. Evid. 801(d)(2)(E), 806. Contrary to Beridze's contention, the jury was read a stipulation concerning Mikheil Talalovsky's 1999 conviction for using a false name on a Florida driver's license application.

4

See Fed. R. Evid. 609(a)(2); United States v. Estrada, 430 F.3d 606, 614-15 (2d Cir. 2005). The district court excluded the second conviction for criminal possession of stolen property because Beridze failed to show that the conviction had not originated from a narcotics arrest. While "district courts must be skeptical when the government objects to impeachment of its witnesses with prior felony convictions," United States v. Estrada, 430 F.3d at 621, the exclusion of the second conviction was not an abuse of discretion because (1) Beridze failed to provide sufficient evidence for the district court to assess the probative value of the conviction, see Fed. R. Evid. 609(a)(1); United States v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (recognizing low probative value of prior narcotics conviction); and (2) Beridze was permitted to use the first conviction to attack Mikheil Talalovsky's credibility, see United States v. Estrada, 430 F.3d at 622.

2. Sufficiency of the Evidence

A defendant mounting a sufficiency challenge bears a heavy burden because, although our standard of review is de novo, we must view the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor, including those pertaining to credibility. See United States v. Sabhnani, 599 F.3d 215, 241 (2d Cir. 2010). We will reverse only if no reasonable jury could find guilt beyond a reasonable doubt based on the totality of the evidence. See United States v. Heras, 609 F.3d 101, 105-06 (2d Cir. 2010); accord Jackson v. Virginia, 443 U.S. 307, 319 (1979). That is not this case.

5

a.      Wire Fraud Conspiracy

Beridze submits that the evidence was insufficient to prove the existence of an interstate wire communication or that he reasonably foresaw any such communication.  See United States v. Muni, 668 F.2d 87, 89-90 (2d Cir. 1981); accord United States v. Zichettello, 208 F.3d 72, 105 (2d Cir. 2000).  We disagree.  The trial evidence provided ample support for the jury to find beyond a reasonable doubt that (1) Beridze knew, or at least reasonably foresaw, that the fraudulent credit cards would be used at Home Depot stores in New York and Texas and that submission of the automobile lease application to Magic Leasing would trigger third-party wire communications; and (2) the credit card transactions were reviewed in Maryland and Florida and the automobile lease was approved in Massachusetts, thus demonstrating the existence of interstate wire communications.  Testimony that some credit card transactions might be processed in "other places," Trial Tr. 111, which Beridze speculates could include New York, is insufficient to undermine this evidence, especially given that Beridze used one of the credit cards to make at least two purchases in Texas.  Contrary to Beridze's contention, the government was not required to prove that he actually foresaw the interstate nature of the third-party wire communications.  See United States v. Blackmon, 839 F.2d 900, 907-08 (2d Cir. 1988).

b.      Knowledge and Intent

Beridze concedes that he "assisted the Talalovskys in their criminality," Appellant's Br. 34, but contends that circumstantial evidence presented at trial was insufficient to prove his knowledge and intent.  Both the existence of a conspiracy and a defendant's participation

6

in it with the requisite knowledge and criminal intent may be established through circumstantial evidence, provided it is sufficient to prove these elements beyond a reasonable doubt. See United States v. Torres, 604 F.3d 58, 66 (2d Cir. 2010); United States v. Huezo, 546 F.3d 174, 180 (2d Cir. 2008); see also United States v. Goldstein, 442 F.3d 777, 783-84 (2d Cir. 2006) (observing that requisite intent for access device fraud can be established circumstantially). While a defendant's mere presence at the scene of a crime or association with conspirators does not manifest the requisite mens rea, see United States v. Huezo, 546 F.3d at 181, in this case the jury reasonably could infer from other evidence that Beridze knowingly and intentionally participated in the fraudulent scheme. That evidence included (1) surveillance video and receipts demonstrating Beridze's repeated use of credit cards issued in the names of individuals whom he admitted he did not know; (2) Beridze's use of the credit cards to make purchases in Brooklyn and Texas, even though his construction jobs for Lyubov Talalovsky were located in Long Island; (3) Beridze's preparation, correction, signing, and submission of the fraudulent automobile lease application, which used as a cosigner Elizavetta Braude, whom Beridze did not know; and (4) Beridze's application for the post office box address at 265 Sunrise Highway, which was listed on numerous documents used to perpetuate the scheme, including the fraudulent automobile lease application. Further, by taking the stand, Beridze placed his credibility in issue, and a reasonable jury could have found Beridze's explanation that he had no knowledge of the Talalovksys' fraudulent scheme incredible, as this jury obviously did. See, e.g., United

7

States v. Tran, 519 F.3d 98, 106 (2d Cir. 2008); United States v. Kinney, 211 F.3d 13, 18 (2d Cir. 2000).

3.    Constructive Amendment

Beridze complains of constructive amendment because the indictment charged that the automobile lease application "went directly from Magic Leasing to [Honda Finance in] Holyoke, Massachusetts" for approval, whereas the trial evidence established that "Magic Leasing would fax the applications to Feder's [an intermediary car dealership] in New York [and] then Feder's would wire them to Massachusetts." Appellant's Br. 20. We review a constructive amendment challenge de novo. See United States v. McCourty, 562 F.3d 458, 469 (2d Cir. 2009). Constructive amendment occurs where proof at trial or jury instructions "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." United States v. Basciano, 599 F.3d 184, 206 (2d Cir. 2010) (internal quotation marks omitted); see United States v. Rigas, 490 F.3d 208, 225 (2d Cir. 2007). Because proof of an intermediary in the transmission chain from Magic Leasing in New York to Honda Finance in Massachusetts does not alter the "core of criminality" alleged in the indictment, i.e., wire fraud conspiracy, we reject Beridze's constructive amendment challenge as without merit. United States v. Rigas, 490 F.3d at 228 & n.27 (observing that we have "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial" and citing cases (internal quotation marks omitted) (emphasis in original)).

8

4.      Prosecutorial Misconduct

Beridze acknowledges that "this is not a case in which the prosecutor committed a blatant constitutional violation." Appellant's Br. 26. Nonetheless, he contends that he was prejudiced by the prosecutor's statements during (a) his opening statement, summation, and rebuttal; and (b) his cross-examination of Beridze. We will not reverse a criminal conviction arising from an otherwise fair trial solely on the basis of inappropriate prosecutorial comments. See United States v. Thomas, 377 F.3d 232, 244 (2d Cir. 2004); accord United States v. Young, 470 U.S. 1, 11-12 (1985). As Beridze did not object during the prosecutor's arguments to the jury, we will reverse only if the statements constituted "flagrant abuse," United States v. Zichettello, 208 F.3d at 103 (internal quotation marks omitted), which caused Beridze "substantial prejudice," United States v. Whitten, 610 F.3d 168, 202 (2d Cir. 2010). Likewise, where Beridze did not timely object to the prosecutor's questions on cross-examination, we review such challenges only for plain error. See United States v. Gaind, 31 F.3d 73, 76 (2d Cir. 1994).

As Beridze concedes, the prosecutor's statements here were "not severe." Appellant's Br. 27. Indeed, in a prosecution for conspiracy involving credit card fraud and identity theft, we cannot say that references in an opening statement to "members of the defendant's criminal enterprise" and "his criminal associates," Trial Tr. 93-94, constitute misconduct, see, e.g., United States v. Panza, 750 F.2d 1141, 1153 (2d Cir. 1984) ("The prosecutor's statement in his opening to the effect that he would prove that the defendants were a 'gang of thieves' did not exceed the bounds of propriety, since this is essentially what was proved."). Although

9

"[s]tatements designed to appeal to the jury's emotions . . . are improper," United States v. Marrale, 695 F.2d 658, 667 (2d Cir. 1982) (citation omitted), the prosecutor's single reference in his opening to the "poor victim" of Beridze's crimes, Trial Tr. 96, was completely innocuous. Even if the prosecutor's repeated use of the terms "band of thieves," "criminal enterprise," and "hardened criminals," in summation, id. at 833, 835-36, 844, 852-53, approached the boundary of propriety, they did not cross it, much less rise to the level of "flagrant abuse," see United States v. Rivera, 971 F.2d 876, 884 (2d Cir. 1992) ("A prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation."). Likewise, the prosecutor's characterization in his rebuttal of arguments made by Beridze's counsel as "side shows," Trial Tr. 897, and "red herring[s]," id. at 901, do not require reversal, see, e.g., United States v. Millar, 79 F.3d 338, 343-44 (2d Cir. 1996) (holding prosecutor's remarks that defense was "hog wash" and that defense counsel had created "smoke screen" insufficiently severe to require reversal); United States v. Jaswal, 47 F.3d at 544 (observing that prosecutor's characterization of defendant's case as a "fairy tale" was "nothing more than a comment on the evidence"). Moreover, even if the prosecutor's remarks had constituted misconduct, because evidence of Beridze's guilt was substantial, we are satisfied that he still would have been convicted in the absence of the challenged remarks. See United States v. Thomas, 377 F.3d at 245.

Similarly, the prosecutor's cross-examination of Beridze on matters pertaining to his credibility was not inappropriate. See Fed. R. Evid. 611(b). Inquiries concerning Beridze's citizenship were part of a series of questions about inaccurate statements made by Berdize on

his application for legal permanent residency, which were probative of his character for truthfulness. See Fed. R. Evid. 608(b). Questions regarding Beridze's failure to pay United States income taxes from 2002 to 2007 were permissible for the same reason. See Chnapkova v. Koh, 985 F.2d 79, 82 (2d Cir. 1993) ("The total failure to file tax returns . . . should be similarly admissible on the issue of [defendant's] truthfulness."), abrogated on other grounds, Jaffee v. Redmond, 518 U.S. 1 (1996). Finally, the single purportedly improper question about Beridze's religion did not result in any prejudice because the district court immediately sustained Beridze's objection.

5.    Sentence

Beridze submits that his sentence was procedurally unreasonable because the district court misapprehended that "the guidelines consider certain factors that they, in fact, do not consider, but instead must be considered . . . under 18 U.S.C. § 3553(a)." Appellant's Br. 35. Beridze further submits that his sentence was "excessive" and, therefore, substantively unreasonable. Id. at 38. Our standard of review is abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). "We presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged his duty to consider the statutory factors enumerated in § 3553(a)." United States v. Malki, 609 F.3d 503, 512 (2d Cir. 2010) (internal quotation marks and alterations omitted). Even if the district court were incorrect in stating that the Guidelines contemplate the nature of the offense and characteristics of the defendant, the court correctly considered those and other factors under § 3553(a). See Sentencing Tr. 17-18. Nor can we conclude that a high-end

11

Guidelines sentence was substantively unreasonable in this case based on the high loss amount attributed to Beridze and the district court's findings that Beridze (a) committed a "very, very serious crime"; (b) was not "a minor participant" in the fraudulent scheme; and (c) "obstruct[ed] justice when he testified falsely at trial." Id. at 18; see United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006) (observing that we will uphold a sentence as long as it "is reasonable in light of all the circumstances presented"); accord United States v. Jones, 531 F.3d 163, 178 (2d Cir. 2008) (discussing "broad range" of sentences that will be considered reasonable). Accordingly, we reject Beridze's challenges to his sentence.

6.    Conclusion

We have considered Beridze's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court