15-489-cr
*United States v. Nastri*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                          No. 15-489

JAMES NASTRI,

                    *Defendant-Appellant.*

_____

FOR APPELLANT:      JESSE M. SIEGEL, New York, NY.

FOR APPELLEE:        CHRISTINA E. NOLAN, Assistant United States Attorney (Gregory L. Waples, Assistant United States Attorney, *on the brief*), *for* Eric S. Miller, United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of conviction is **AFFIRMED**.

James Nastri appeals from a February 4, 2015 judgment of conviction in the United States District Court for the District of Vermont, sentencing him principally to 210 months' imprisonment. A jury convicted Nastri of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), 846. We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Nastri argues first that he was deprived of his constitutional right to a fair trial when the district court declined to excuse a juror. The juror had heard, from a third-party, that the court had excused another juror after the latter had briefly witnessed the defendant in shackles. We have previously held that a brief glimpse by jurors of the defendant in handcuffs outside of the courtroom did not

2

warrant vacatur absent some "specific showing" of harm to the defendant, at least where the jurors affirmed their impartiality during voir dire. *United States v. Torres*, 519 F.2d 723, 727–28 (2d Cir. 1975). Nastri argues that this rule has been overturned by the presumption of prejudice articulated in *Deck v. Missouri*, 544 U.S. 622, 635 (2005). We disagree. First, *Deck* addressed an entirely separate situation: the routine shackling of defendants in the courtroom, in front of the jury, during the guilt and penalty phases of trial. *Id.* at 632. Second, the juror in question here did not even see the defendant in shackles herself; instead, she was merely told that another juror had done so and been excused. We decline to extend *Deck*'s rule so far as to cover third-hand reports of the defendant having been seen in shackles. The district court judge asked the juror in question if the knowledge affected her ability to be impartial, to which she responded that it would not. Absent any specific showing of harm by the defendant, there was no prejudice to the defendant's right to a fair trial.

Nastri next argues that the prosecutor made improper and prejudicial remarks during summation, including calling certain arguments of defense counsel "distractions" and "red herrings." Because Nastri did not object to these comments below, we review for plain error and will only vacate a conviction if

3

the prosecutor's comments rose to the level of "flagrant abuse." *United States v. Zichettello*, 208 F.3d 72, 103 (2d Cir. 2000) (internal quotation marks omitted). It is well established that "[a] prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation." *E.g.*, *United States v. Rivera*, 971 F.2d 876, 884 (2d Cir. 1992). We have not found comparable language to constitute prejudicial commentary and decline to do so here. *See, e.g., United States v. Millar*, 79 F.3d 338, 343–44 (2d Cir. 1996) ("hog wash" and "smoke screen"); *United States v. Jaswal*, 47 F.3d 539, 544 (2d Cir. 1995) ("fairy tale"); *see also United States v. Beridze*, 415 F. App'x 320, 327–28 (2d Cir. 2011) ("red herring"). Nor do we accept Nastri's argument that these comments called into question the defense counsel's integrity, as did the comments in *United States v. Friedman*, 909 F.2d 705, 709 (2d Cir. 1990). Unlike in *Friedman*, the prosecutor's comments here did not impute any unethical or derogatory motives to defense counsel, nor did they suggest that he was in any way untrustworthy; instead, they merely attempted to direct the jury's attention away from collateral issues to the elements of the crime. Finally, prosecutors have "broad latitude . . . to suggest reasonable inferences to the jury." *United States v. Salameh*, 152 F.3d 88, 138 (2d Cir. 1998); *see also United States v. Zackson*, 12 F.3d 1178, 1183 (2d Cir.

4

1993).  Accordingly, the prosecutor committed no error in arguing to the jury that certain statements and conduct by Nastri effectively admitted guilt.

Nastri next argues that the district court erred in applying the criminal livelihood enhancement to his Guidelines offense level.  This enhancement requires that Nastri "committed the offense as part of a pattern of criminal conduct engaged in as a livelihood."  U.S.S.G. § 2D1.1(b)(15)(E).  The clause "engaged in as a livelihood" has two requirements under the Guidelines: (1) that Nastri had "derived income from the pattern of criminal conduct that in any twelve-month period exceeded" $14,500,[1] and (2) that "such criminal conduct was the defendant's primary occupation in that twelve-month period."  U.S.S.G. § 4B1.3 app. note 2.  Nastri contends that the district court erred by not taking into account financial support Nastri received from his father and that the facts found were insufficient to invoke the enhancement.  We disagree.

The plain text of the Guideline asks us to examine the defendant's "primary occupation" and gives, as examples of conduct qualifying for the enhancement, a defendant "engag[ing] in criminal conduct rather than regular, legitimate employment."  *Id.*  Nothing about the Guideline suggests it was

---

[1] The $14,500 figure is derived from the Guidelines' calculation of 2000 times the then-existing federal minimum hourly wage.  U.S.S.G. § 4B1.3 app. note 2.

intended to require a district court to consider non-occupational sources of income like familial support. It exceeds the plain and ordinary meaning of these terms to refer to such support as Nastri's primary "occupation." *See Occupation*, Oxford English Dictionary (3d ed. 2004) ("The state of having one's time or attention occupied; what a person is engaged in; employment, business; work, toil. A particular action or course of action in which a person is engaged, esp. habitually; a particular job or profession; a particular pursuit or activity."); *Occupation*, Merriam-Webster's Collegiate Dictionary (11th ed. 2003) ("[A]n activity in which one engages; the principal business of one's life."). There were no facts before the district court that Nastri held a primary occupation or employment *other* than his criminal drug enterprise. What the facts before the district court *did* show was the testimony of two of Nastri's confederates that they returned between $4,000 and $5,000 to Nastri per trip to Vermont to sell drugs and that these trips took place, at minimum, five to seven times. Thus, the district court did not clearly err in finding Nastri had derived income in excess of the $14,500 threshold provided by the Guideline. Because both prongs of the Guideline were supported by the district court's factual findings, its application does not constitute procedural error.

Finally, Nastri argues that the Guideline's definition of a pattern of criminal conduct as "planned criminal acts occurring over a substantial period of time," U.S.S.G. § 4B1.3 app. note 1, is unconstitutionally vague because "a substantial period of time" is undefined. Because Nastri did not raise this argument below, we review only for plain error. *See United States v. Venturella*, 391 F.3d 120, 133 (2d Cir. 2004). It is an open question in our Circuit whether vagueness challenges can even be raised with respect to the Sentencing Guidelines. *See, e.g.*, *United States v. Savin*, 349 F.3d 27, 38 (2d Cir. 2003).[2] We need not reach this question, because even assuming the Guidelines were susceptible to vagueness challenges, Nastri's argument is without merit. *See United States v. Mena*, 342 F. App'x 656, 658 (2d Cir. 2009) (summary order).

---

[2] Five of our sister circuits— the Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits— have concluded the Guidelines are not susceptible to vagueness challenges. *See United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015); *United States v. Tichenor*, 683 F.3d 358, 365 n.3 (7th Cir. 2012); *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990); *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990). The Ninth and Tenth Circuits have held to the contrary. *See United States v. Hernandez-Lara*, — F.3d —, 2016 WL 1231999 (9th Cir. Mar. 29, 2016) (holding that U.S.S.G. § 2L1.2(b)(1) is unconstitutionally vague); *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (holding that residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness). The Third Circuit has apparently assumed, without stating, that a vagueness challenge may lie against a Guideline. *See United States v. Maurer*, 639 F.3d 72, 77–78 (3d Cir. 2011).

"A law is void for vagueness if it either (1) 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits' or (2) lacks 'explicit standards for those who apply [it].'" *Expressions Hair Design v. Schneiderman*, 808 F.3d 118, 142 (2d Cir. 2015) (alteration in original) (quoting *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179, 187 (2d Cir. 2010). "In the absence of First Amendment concerns, courts generally view vagueness challenges to a statute as applied to the defendant's case." *United States v. Farhane*, 634 F.3d 127, 138 (2d Cir. 2011). An as-applied challenge asks "whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices," *VIP of Berlin*, 593 F.3d at 187 (internal quotation marks omitted). *VIP of Berlin* itself dealt with an as-applied challenge to a clause containing the word "substantial." There, we concluded that the plain and ordinary meaning of the statute provided adequate notice that the defendant's "actual conduct," as opposed to "hypothetical conduct," fell within the purview of the statute. *Id.* at 189.

The district court found that Nastri had engaged in the drug conspiracy for a period beginning in spring 2011 through April 2013. Notwithstanding Nastri's citations to *Johnson v. United States*, the Supreme Court specifically noted that it

8

did "not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to *real-world conduct*." 135 S. Ct. 2551, 2561 (2015) (emphasis added). Whether a defendant's actual two-year drug-distribution conspiracy falls within the scope of "a substantial period of time" is precisely this kind of qualitative standard. No reasonable person could fail to understand that a continuous criminal enterprise lasting two years constitutes "planned criminal acts occurring over a substantial period of time." U.S.S.G. § 4B1.3 app. note 1. Accordingly, the Guideline provides sufficiently definite notice that Nastri was subject to its purview.

We have considered all of Nastri's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of conviction is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9