Code § 18.2-374.3(C) (emphasis added). Stoltz argues that the phrase "reason to believe," id. , renders this statute unconstitutionally vague and overbroad. We disagree.
A.
The Court of Appeals found that Stoltz had "abandoned" any argument regarding facial unconstitutionality in his oral argument before that court and had thus limited himself to an as-applied challenge to the statute. See Stoltz , 2018 WL 3027015, at *1 n.1. Although Stoltz claims that he did not abandon his facial challenge, he does not assign error to the abandonment finding of the Court of Appeals. See Rule 5:17(c)(1)(i). As we have recently emphasized, "[a]n assignment of error is not a mere procedural hurdle an appellant must clear in order to proceed with the merits of an appeal. Assignments of error are the core of the appeal." Forest Lakes Cmty. Ass'n v. United Land Corp. of Am. , 293 Va. 113, 122, 795 S.E.2d 875 (2017) (emphasis in original). "With the assignment of error, an appellant should 'lay his finger' on the alleged misjudgment of the court below." Id. at 122-23, 795 S.E.2d 875 (quoting Martin P. Burks, Common Law and Statutory Pleading and Practice § 425, at 827 (T. Munford Boyd ed., 4th ed. 1952)). In this way, "[a] properly aimed assignment of error must 'point out' the targeted error and not simply take 'a shot into the flock' of issues that cluster around the litigation." Id. at 123, 795 S.E.2d 875 (citation omitted).
To mount a successful facial challenge, "the challenger must establish that no set of circumstances exists under which the [statute in question] would be valid," as opposed to an as-applied challenge, in which the challenger alleges "that the [statute in question] is unconstitutional because of the way it was applied to the particular facts of [his] case." United States v. Salerno , 481 U.S. 739, 745 & n.3, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Given Stoltz's comingling of facial and as-applied concepts, however, we will assume without deciding that both theories are subsumed in his assignment of error. Doing so, however, does not change the result. Neither his void-for-vagueness challenge nor his overbreadth challenge has any legal merit.
B.
"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Beckles v. United States , --- U.S. ----, 137 S. Ct. 886, 892, 197 L.Ed.2d 145 (2017) ; see also Johnson v. United States , --- U.S. ----, 135 S. Ct. 2551, 2556, 192 L.Ed.2d 569 (2015). "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." United States v. National Dairy Prods. Corp. , 372 U.S. 29, 32-33, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963) (emphasis added). When considering a vagueness challenge, a court will assess whether the statute at issue
is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." Such a provision simply has no core. This absence of any ascertainable standard for inclusion and exclusion is precisely what offends the Due Process Clause.
Smith v. Goguen , 415 U.S. 566, 578, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) (citation omitted). The general requirement that a criminal statute contain a mens rea element "is not to say that a defendant must know that his conduct is illegal before he may be found guilty" because all he really must know are " 'the facts that make his conduct fit the definition of the offense,' even if he does not know that those facts give rise to a crime." Elonis v. United States , --- U.S. ----, 135 S. Ct. 2001, 2009, 192 L.Ed.2d 1 (2015) (citation omitted). Nor does a statutory standard lose its constitutional moorings by drawing some *170 rather fine lines. After all, "the law is full of instances where a man's fate depends on his estimating rightly ... some matter of degree." Johnson , 135 S. Ct. at 2561 (quoting Nash v. United States , 229 U.S. 373, 377, 33 S.Ct. 780, 57 L.Ed. 1232 (1913) ).
Code § 18.2-374.3(C) does not run afoul of these settled vagueness principles. The phrase "knows or has reason to believe," Code § 18.2-374.3(C), is not ambiguous. A multitude of federal courts have found similar language impervious to vagueness challenges.[3] Moreover, many similar provisions appear in the Virginia Code,[4] and we have never questioned their constitutionality. We similarly find no fault with Code § 18.2-374.3(C). The statute advances its goal of combating the sexual exploitation of children by unmistakably saying that no adult may use a communications system for the purpose of soliciting an individual that "he knows or has reason to believe is a child younger than 15 years of age," id. We believe that an ordinary person would understand what conduct this statute prohibits. This conclusion effectively ends the matter. Only if people of "common intelligence must necessarily guess at [the statute's] meaning and differ as to its application" will a statute be deemed void for vagueness. Connally v. General Constr. Co. , 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).
Stoltz had reason to believe that Annie was younger than 15. After openly soliciting a sexual encounter without expressing or even implying any disinterest in juveniles, Stoltz received a response from Annie, who informed him that she was "only 13" and that she was "off of school" that day. Commonwealth's Ex. 2. She immediately followed with, "if i'm 2 young tahts ok and i wont' bother u." Id. When Stoltz responded, "23 isn't too young," Annie reaffirmed: "13 not 23 hehe." Id. Annie further informed Stoltz that she was "home alone" because her parents were out of town. Id. She stated that it was the "first time they've let me stay alone" and that there had been "no school today" "or yestreday." Commonwealth's Ex. 3. When Annie sent Stoltz the picture of the animal control officer, Stoltz replied, "you're very cute! :)," Commonwealth's Ex. 2, not "you're cute but you look too old to be 13." The jury saw this picture, along with all of the communications between Stoltz and Annie, and heard the animal control officer testify in person. These facts, in aggregate, do not prove that Stoltz actually knew that Annie was underage. But they amply demonstrate that he had reason to believe that she was.[5] At the moment that Stoltz obtained such reason to believe, his *171 use of the Internet for the purpose of solicitation became a crime.[6]
C.
We also find no merit in Stoltz's First Amendment challenge to the statute. Overbreadth under the First Amendment is a doctrine of "last resort," and its "limited" function
attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from 'pure speech' toward conduct and that conduct - even if expressive - falls within the scope of otherwise valid criminal laws that reflect legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. Although such laws, if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect - at best a prediction - cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe.
Broadrick v. Oklahoma , 413 U.S. 601, 613-15, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). "[I]t has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." Giboney v. Empire Storage & Ice Co. , 336 U.S. 490, 502, 69 S.Ct. 684, 93 L.Ed. 834 (1949). Thus, "particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick , 413 U.S. at 615, 93 S.Ct. 2908.
Code § 18.2-374.3(C) does not target speech, but conduct - specifically the use of a communications system (in this case, the Internet) for the purpose of soliciting a minor. The act of using a communications system is the actus reus of the crime, while the purpose of soliciting the child is the mens rea. See Commonwealth v. Murgia , 297 Va. 310, 320-21, 827 S.E.2d 377, 383 (2019) (addressing subsection D of the same statute); Dietz v. Commonwealth , 294 Va. 123, 134-35, 804 S.E.2d 309 (2017) (addressing subsection B of the same statute). The fact that Stoltz engaged in this conduct through the means of speech is only relevant if the statute sweeps in substantial amounts of protected speech in comparison to its legitimate proscription. Nothing in the statute criminalizes a substantial amount of protected speech when "judged in relation to the statute's plainly legitimate sweep," Broadrick , 413 U.S. at 615, 93 S.Ct. 2908. Nor do any of Stoltz's arguments "justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe," id. Thus, Stoltz's facial overbreadth challenge must also fail.
III.
Finding no merit in Stoltz's vagueness or overbreadth challenges to Code § 18.2-374.3(C), we affirm the judgment of the Court of Appeals. This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of Fairfax County.

See, e.g. , Gorin v. United States , 312 U.S. 19, 27-28, 61 S.Ct. 429, 85 L.Ed. 488 (1941) ("intent or reason to believe"); United States v. Mena , 342 Fed. Appx. 656, 658 (2d Cir. 2009) ("reason to believe"); United States v. Bewig , 354 F.3d 731, 737-38 (8th Cir. 2003) ("knowing, or having reason to know"); Rojas-Garcia v. Ashcroft , 339 F.3d 814, 822-23 (9th Cir. 2003) ("reason to believe"); United States v. Saffo , 227 F.3d 1260, 1268-70 (10th Cir. 2000) ("knowing or having reasonable cause to believe" and other "essentially identical" mens rea requirements in federal statutes); United States v. Biro , 143 F.3d 1421, 1429-30 (11th Cir. 1998) ("having reason to know"); United States v. Wuliger , 981 F.2d 1497, 1503-04 (6th Cir. 1992) ("reason to know"); United States v. Featherston , 461 F.2d 1119, 1120-23 & n.1 (5th Cir. 1972) ("knowing or having reason to know").

Many Virginia criminal statutes use the phrase "reason to believe." See Code §§ 3.2-3214, -6588, 4.1-304(A), -306(A), 18.2-64.1, -109, -180, -308.2:2(M), -331, -348, -349, -371.2, - 371.3, 44-110, 46.2-616, 54.1-2967, -4103, 57-57(B). Others use the similar phrase "reason to know." See Code §§ 2.2-3103.1, 4.1-306(A1), -332(A), 18.2-46.2(A), -51.1, -55(B), -57(C)-(E), -57.01, -57.02, -186.4, -190.3, -192, -370.2, -370.3(A), -370.4(A), -370.5(A), -371.4, -386.2(A), -391(A), -433.2(1), 19.2-62(A)(3)-(4), -63, 23.1-225(C)(1), 58.1-3(F), -1033(1), -1036(B), -2273, -2299.10(6), 59.1-293.11(C), -332(B). A multitude of criminal statutes in the United States Code also use these phrases. See, e.g. , 10 U.S.C. § 894 art. 94(a)(3); 15 id. §§ 158, 2614; 16 id. §§ 63, 98, 117c, 127, 170, 204c, 374, 395c, 404c-3, 408k, 4306(a)(2); 18 id. §§ 48, 231, 491, 793, 1039, 1384, 1521, 1992(a)(4), 2251, 2511(1), 2512; 42 id. §§ 1320c-6(a)(2), 2277; 47 id. § 605(e)(4); 49 id. § 60123(d)(2)(B); 50 id. § 783(a).

Though it was unnecessary for the trial court to give a specific instruction on the reason-to-believe concept, the court did just that at Stoltz's insistence and over the Commonwealth's objection. The jury was instructed that, under Virginia law, "[r]eason is a faculty of the mind by which it distinguishes truth from falsehood, good from evil, and which enables the possessor to deduce inferences from facts or from propositions." R. at 234. Given our holding, we need not address the trial court's decision to give this instruction.

We survey the factual circumstances of Stoltz's case not to imply that Code § 18.2-374.3(C) is free from fatal constitutional vagueness "merely because there is some conduct [Stoltz's in particular] that clearly falls within the provision's grasp," Johnson , 135 S. Ct. at 2561. Instead, we believe that the linguistic range of the reason-to-believe standard in the statute is understandable to ordinary people, including Stoltz, and that his specific reasons to believe that Annie was underage were plainly evident from the record.