22-1695-cr
*United States v. Jennings (Walker)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                      22-1695-cr

DERRICK JENNINGS,

> *Defendant*,

DESHAWN WALKER,

> *Defendant-Appellant*.

---

FOR APPELLEE:                    ANDREW P. WENZEL, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: ROBERT JOSEPH BOYLE, Law Office of Robert J. Boyle, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on July 29, 2022, is **AFFIRMED**.

Defendant-Appellant Deshawn Walker appeals from the district court's judgment convicting him, after a guilty plea, of firearms trafficking conspiracy, in violation of 18 U.S.C. § 371, and firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A). The district court sentenced Walker principally to thirty-nine months' imprisonment, to be followed by three years of supervised release. Walker's sole argument on appeal is that the sentence was procedurally unreasonable because the district court, in calculating his range under the United States Sentencing Guidelines ("U.S.S.G."), improperly applied the four-level enhancement for firearms trafficking set forth in U.S.S.G. § 2K2.1(b)(5). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

A district court commits procedural error where it (1) "fails to calculate the Guidelines range (unless omission of the calculation is justified)," (2) "makes a mistake in its Guidelines calculation," (3) "treats the Guidelines as mandatory," (4) "does not consider the § 3553(a) factors," (5) "rests its sentence on a clearly erroneous finding of fact," or (6) "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citation omitted). "While factual determinations underlying a district court's Guidelines calculations are reviewed for clear error, a district court's application of the Guidelines is reviewed

2

*de novo*." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011). "A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report." *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). The district court must "use the preponderance of the evidence standard . . . in finding facts relevant to sentencing for Guidelines calculation purposes." *United States v. Salazar*, 489 F.3d 555, 558 (2d Cir. 2007) (per curiam).

On four separate occasions between January 27, 2018 and May 4, 2018, Walker and his co-defendant, Derrick Jennings, illegally sold firearms to a confidential informant ("CI") on Long Island. These four transactions involved a total of sixteen firearms, including seven of the same make and model. In the first transaction, which occurred in a car outside Walker's residence on January 27, 2018, Walker and Jennings sold three firearms to the CI—one of which had an obliterated serial number. During that transaction, Jennings sat in the car with the CI with the passenger-side window opened. Walker waited outside the passenger side of the car, passing a black bag through the open window to Jennings and acting as a lookout. Jennings wore gloves during the transaction and wiped the guns before placing the guns in the CI's bag. The CI informed Jennings that he was buying the guns for a woman who would resell them in a type of "sweatshop, like a [] market." App'x at 37. Jennings and the CI discussed future sales, and Jennings stated that he would talk to "Unk," a reference to Walker.

At sentencing, the district court denied Walker's objection to the Presentence Investigation Report's ("PSR") application of the firearms trafficking enhancement, which provided for a four-level enhancement to a defendant's total offense level "[i]f the defendant engaged in the trafficking

3

of firearms." U.S.S.G. § 2K2.1(b)(5). The relevant application note in the Guidelines provided that Section 2K2.1(b)(5) applies if the defendant:

> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and
> (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—
>     (I) whose possession or receipt of the firearm would be unlawful; or
>     (II) who intended to use or dispose of the firearm unlawfully.

U.S.S.G. § 2K2.1, application note 13(A) (U.S. SENT'G COMM'N 2021). The district court adopted the PSR and, in finding that the enhancement applied to Walker's offense conduct, explained:

> As I stated at the sentence of Mr. Jennings, I think that there are numerous facts that demonstrate that the defendants knew that the CI was going to use and dispose of these firearms unlawfully. The conduct during the sales, and the nature of the guns themselves that they sold, 16 guns to the same person, who then indicated that they were going to be passed on to somebody else, I think all supports this. So I'm going to deny [the] objection and it will remain in the PSR and be part of the calculation.

App'x at 77.

On appeal, Walker contends that the evidence demonstrated only that he knew his sale of firearms to the CI was illegal and that the district court erred in finding by a preponderance of the evidence that he knew or had reason to believe the CI would use or dispose of the firearms unlawfully.[1] Moreover, although we held in a prior summary order that the evidence was sufficient to support the district court's imposition of the same enhancement as to co-defendant Jennings, *United States v. Jennings*, No. 22-220, 2023 WL 2799889, at *2–3 (2d Cir. Apr. 6, 2023),

---

[1] The government did not separately argue at sentencing that Walker knew or had reason to believe the firearms were being sold to an individual whose possession or receipt of a firearm would be unlawful.

Walker asserts that our analysis in *Jennings* is inapposite to him because he was not inside the car during the first transaction when Jennings provided the defaced gun, wiped his prints, and was told by the CI that the guns were going to be re-sold. We find Walker's arguments unpersuasive.

As a threshold matter, although Jennings handed the guns to the CI and spoke to him in the car during the first transaction, the evidence established that it was Walker who arranged the sale, monitored the sale from outside the open window of the car, and then arranged three additional sales with the same CI. From the totality of the circumstances, it was reasonable for the district court to infer that Walker was generally aware of the surreptitious nature of the transaction that transpired in the car with the CI. *See United States v. Velez*, 357 F.3d 239, 243 (2d Cir. 2004) (emphasizing that the district court "may properly draw all reasonable inferences from the relevant circumstances" in making factual determinations for the purpose of applying a Guidelines enhancement).

In any event, even apart from the conversation and activity in the car during the first transaction, there was more than sufficient evidence to establish by a preponderance of the evidence that Walker knew or had reason to believe the CI would use or dispose of the firearms unlawfully, including, *inter alia*: (1) the number of guns sold—namely, sixteen handguns—including seven guns of the same make and model; (2) the brief timeframe in which the guns were sold to the CI (with three transactions taking place in less than a month); and (3) the general circumstances under which the guns were sold, such as the CI paying cash for the guns inside vehicles, after which the CI would transport the guns in a backpack or plastic bags. Given this evidence, there is no basis to conclude that the district court erred in its factual finding to support the enhancement. *See, e.g.*, *United States v. Mena*, 342 F. App'x 656, 658 (2d Cir. 2009)

5

(summary order) (affirming the application of the sentencing enhancement under Section 2K2.1(b)(5) where the defendant "twice delivered guns in a plastic bag in exchange for cash on a street in Manhattan"); *see also United States v. Ilarraza*, 963 F.3d 1, 12–13 (1st Cir. 2020) ("The number and type of firearms that the [cooperating witnesses] sought to buy over a short period of time provided further reason for the district court to doubt the appellant's claim that he did not believe that the purchasers intended to use or dispose of the firearms in connection with some nefarious activity.").

Accordingly, the district court's application of the sentencing enhancement under Section 2K2.1(b)(5) was proper.

*  *  *

We have considered Walker's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court